In re:                                                                                          Case No. 25-11879-TWD

Jenie Lynne Darby                                                              Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0981-2                               User: admin                                        Page 1 of 3

Date Rcvd: Jul 10, 2025                          Form ID: pdfpl                                Total Noticed: 43

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jenie Lynne Darby, 1723 Lakewood Rd, Arlington, WA 98223-9641 |
| 957473083 | + | EmblemHealth, P.O. Box 3000, New York, NY 10116-3000 |
| 957473085 | + | Enable / Level Up Funding, P.O. Box 244, Fort Thompson, SD 57339-0244 |
| 957473091 | + | Kimberly and John Meno, 20217 Old Burn Road, Arlington, WA 98223-5904 |
| 957473099 | + | Optum Care Network, PO Box 30788, Salt Lake City, UT 84130-0788 |
| 957473105 | + | The Everett Clinic And The Polyclinic, PO Box 3753, Seattle, WA 98124-3753 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: DORBankruptcyNOTICES@dor.wa.gov | Jul 10 2025 23:18:00 | State of Washington, Department of Revenue, 2101 4th Ave, Ste 1400, Seattle, WA 98121-2300 |
| 957473070 | | Email/Text: ebn@americollect.com | Jul 10 2025 23:18:00 | Americollect Inc., 1851 S Alverno Rd., Manitowoc, WI 54220 |
| 957473071 | | Email/Text: bnc-applied@quantum3group.com | Jul 10 2025 23:18:00 | APPLIED BANK, 601 DELAWARE AVENUE, Wilmington, DE 19801 |
| 957473075 | | Email/Text: CLIENTS@AUDIT-ADJUSTMENT.COM | Jul 10 2025 23:18:00 | Audit and Adjustment, 20700 44th Ave W, Suite 100, Lynnwood, WA 98036 |
| 957473074 | | Email/Text: CLIENTS@AUDIT-ADJUSTMENT.COM | Jul 10 2025 23:18:00 | Audit & Adjustment Company, Inc., PO Box 1959, Lynnwood, WA 98046 |
| 957473068 | + | Email/Text: banko@acsnv.com | Jul 10 2025 23:18:00 | Allied Collections, 3080 S. Durango Drive, Suite 208, Las Vegas, NV 89117-9194 |
| 957473069 | ^ | MEBN | Jul 10 2025 23:11:31 | Allied Interstate LLC, PO Box 5002, Fogelsville, PA 18051-5002 |
| 957473073 | + | Email/Text: bankosupport@armadacorp.com | Jul 10 2025 23:18:00 | Armada Corporation, 93 Eastmont Ave #100, East Wenatchee, WA 98802-5305 |
| 957473076 | | Email/Text: bankruptcynotices@hellobrigit.com | Jul 10 2025 23:18:00 | Brigit, 838 6th Ave, Fl 6, New York, NY 10001 |
| 957473080 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Jul 10 2025 23:18:00 | CREDIT COLLECTIONS SVC, 725 Canton St, Norwood, MA 02062-2679 |
| 957473081 | | Email/Text: correspondence@credit-control.com | Jul 10 2025 23:18:00 | Credit Control, LLC, 3300 Rider Trail S, Suite 500, Earth City, MO 63045 |
| 957473077 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Jul 10 2025 23:30:32 | Capital One Bank USA NA, PO BOX 31293, Salt Lake City, UT 84131-0293 |
| 957473078 | + | Email/PDF: ais.chase.ebn@aisinfo.com | Jul 10 2025 23:54:46 | Chase Card, 201 N Walnut St, Wilmington, DE |

19801-2920

957473079  + Email/Text: documentfiling@lciinc.com

Jul 10 2025 23:18:00  Comcast, PO Box 60533, City Of Industry, CA 91716-0533

957473082  + Email/Text: bankruptcynotices@current.com

Jul 10 2025 23:18:00  Current.com, 217 Centre Street, Suite 180, New York, NY 10013-3624

957473084  Email/Text: operations@empower.me

Jul 10 2025 23:18:00  EMPOWER FINANCE INC, 9169 W STATE ST, Boise, ID 83714

957473086  + Email/PDF: ais.fpc.ebn@aisinfo.com

Jul 10 2025 23:28:15  FIRST PREMIER, 3820 N LOUISE AVE, Sioux Falls, SD 57107-0145

957473087  + Email/Text: argbsref@geico.com

Jul 10 2025 23:18:00  Geico, PO Box 9512, Fredericksburg, VA 22403-9512

957473088  + Email/Text: Harris@ebn.phinsolutions.com

Jul 10 2025 23:18:00  Harris & Harris, Ltd., 111 West Jackson Blvd, Suite 400, Chicago, IL 60604-4135

957473089  Email/Text: sbse.cio.bnc.mail@irs.gov

Jul 10 2025 23:18:00  Internal Revenue Service, Centralized Insolvency Operations, Po Box 7346, Philadelphia, PA 19101-7346

957473090  ^ MEBN

Jul 10 2025 23:11:44  January Technologies, Inc, 176 Grand Street, 4th Floor, New York, NY 10013-3786

957473092  + Email/Text: bankruptcy.us@klarna.com

Jul 10 2025 23:18:00  Klarna, 800 N. High St, Ste. 400, Columbus, OH 43215-1430

957473093  + Email/PDF: resurgentbknotifications@resurgent.com

Jul 10 2025 23:28:15  LVNV Funding LLC, c/o Resurgent Capital Services, Po Box 1269, Greenville, SC 29602-1269

957473097  Email/Text: ml-ebn@missionlane.com

Jul 10 2025 23:18:00  Mission Lane Tab Bank, PO Box 105286, Atlanta, GA 30348

957473094  + Email/Text: info@mandarichlaw.com

Jul 10 2025 23:18:00  Mandarich Law Group, LLP, Po Box 109032, Chicago, IL 60610-9032

957473095  ^ MEBN

Jul 10 2025 23:11:32  Mercantile Adjustment Bureau, LLC, PO Box 9055, Wiliamsville, NY 14231-9055

957473096  + Email/Text: bankruptcydpt@mcmcg.com

Jul 10 2025 23:18:00  Midland Credit Management, 320 E Big Beaver Rd, Troy, MI 48083-1271

957473098  + Email/Text: bankruptcy@moneylion.com

Jul 10 2025 23:18:00  Money Lion, 30 West 21st Street, 9th Floor, New York, NY 10010-6957

957473100  Email/Text: bankruptcy@possiblefinance.com

Jul 10 2025 23:18:00  Possible Financial, PO Box 98686, Las Vegas, NV 89193

957473101  + Email/Text: Triage_Bankruptcy_Notices@progressive.com

Jul 10 2025 23:18:00  Progressive Insurance, 6300 Wilson Mills Rd., Mayfield Village, OH 44143-2182

957473102  + Email/PDF: resurgentbknotifications@resurgent.com

Jul 10 2025 23:28:15  Resurgent Capital Services, PO Box 510090, Livonia, MI 48151-6090

957473103  + Email/PDF: SoFiBKNotifications@resurgent.com

Jul 10 2025 23:29:37  SOFI BANK, 2750 E COTTONWOOD PKWY, Salt Lake City, UT 84121-7285

957473104  ^ MEBN

Jul 10 2025 23:11:28  Tate & Kirlin Associates, 580 Middletown Blvd, Suite 240, Langhorne, PA 19047-1876

957473106  ^ MEBN

Jul 10 2025 23:11:39  Unifin, PO Box 1608, Skokie, IL 60076-8608

957473108  + Email/Text: BNOTICING@WSECU.ORG

Jul 10 2025 23:18:00  WASH STATE EMP CREDIT UNION, 400 UNION STREET, Olympia, WA 98501-2059

957473109  + Email/PDF: BankruptcynoticesCCSBKOperations@wellsfargo.com

Jul 10 2025 23:43:24  Wells Fargo Card Services, PO Box 10347, Des Moines, IA 50306-0347

957473110  + Email/Text: ebn@wfcorp.com

Jul 10 2025 23:18:00  Williams and Fudge, 300 Chatham Ave, Rock Hill, SC 29730-4986

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 957473072 | ##+ | ARIVO ACCEPTANCE, 10835 S AUTO MALL DR, Sandy, UT 84070-4181 |
| 957473107 | ##+ | Valor Intelligent, 6703 Southpoint Drive North, Suite 300, Jacksonville, FL 32216-6401 |

TOTAL: 0 Undeliverable, 0 Duplicate, 2 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 12, 2025              Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Susan E. Skelton | on behalf of Debtor Jenie Lynne Darby susan@skeltonlawfirms.com  haley@skeltonlawfirms.com |
| United States Trustee | USTPRegion18.SE.ECF@usdoj.gov |

TOTAL: 2

| In re: | Case No. |
|---|---|
| Jenie L. Darby | CHAPTER 13 PLAN |
| | ✔ Original __ Amended |
| Debtor(s). | |

**I.      Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:**

  A.   Does this plan contain any nonstandard provisions (check one)?

  ___ Yes

  ✔ No

  B.   Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?

  ___ Yes

  ✔ No

  C.   Does this plan avoid a security interest or lien (check one)?

  ___ Yes

  ✔ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void.  Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.      Means Test Result and Plan Duration:**

The Debtor is (check one):

  _____ a below median income debtor with a 36 month applicable commitment period.

  ✔ an above median income debtor with a 60 month applicable commitment period.

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation.  If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan.

**III.      Plan Payments to the Trustee:**

No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:

  A.   AMOUNT: $ 1880.00

  B.   FREQUENCY (check one):

  ✔ Monthly

  ___ Twice per month

  ___ Every two weeks

  ___ Weekly

  C.   TAX REFUNDS: The Debtor (check one):

  ___ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.

  ✔ does not commit all tax refunds to funding the plan.

If no selection is made, tax refunds are committed.

  D.   PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.

  E.   OTHER: _____

[Local Bankruptcy Form 13-4, eff. 12/23]          1

**IV.** **Distribution of Plan Payments by the Trustee:**

The provisions of Section IV govern the Trustee's distribution of funds unless otherwise ordered by the court or provided in Section X.

The Trustee shall disburse funds on a proof of claim whether filed timely or late, unless otherwise ordered by the court following an objection to the claim. If this case is dismissed or converted, the Trustee shall turn over funds on hand to the debtor care of the debtor's attorney, unless otherwise ordered by the court.

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

A. ADMINISTRATIVE EXPENSES:
1. Trustee: The percentage set pursuant to 28 U.S.C. § 586(e).
2. Other administrative expenses: As allowed pursuant to 11 U.S.C. §§ 507(a)(2) or 707(b).
3. The Debtor's Attorney's Fees: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $5000.00___. $ 587.00_ was paid prior to filing.
Approved attorney compensation shall be paid after ongoing domestic support obligations and then as follows (check one):
____ Prior to all creditors.
____ Monthly payments of $_____.
__✓__ All available funds after designated "Monthly Payment" amounts to the following creditors: Arivo Acceptance_____.
____ Other: _____.
If no selection is made, approved compensation will be paid at the Trustee's discretion.

B. ONGOING DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly Payment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. If the plan provides for a claim to be paid as a secured claim and the creditor files the claim as unsecured, the claim will be treated as an unsecured claim. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current.

The Trustee shall disburse funds to secured claims in the following order:
1. "Monthly Payment" amounts for "Ongoing Payments" in Section IV.C.8. and Section IV.C.9.
2. "Monthly Payment" amounts in Section IV.C.10.
3. "Monthly Payment" amounts for "Cure Payments" in Section IV.C.8. and Section IV.C.9.
4. All available funds pro rata to creditors listed under "910 Collateral" and "Non-910 Collateral" in Section IV.C.10.
5. All available funds pro rata to "Cure Payments" accruing interest in Section IV.C.8. and Section IV.C.9.
6. All available funds pro rata to "Cure Payments" not accruing interest in Section IV.C.8. and Section IV.C.9.
7. If the plan provides for the Trustee to disburse any funds to a creditor secured by real property, all available funds for the amounts included in a Notice of Fees, Expenses and Charges related to that creditor.
If the received plan payment funds are insufficient, the Trustee shall make the secured claim payments pro rata in the same order.

The interest rates in the plan control except that (a) the interest rate for ongoing payments included in a creditor's proof of claim secured by a mortgage or deed of trust on real property shall control; and (b) the interest rate for pre-petition arrearages on claims secured by a mortgage or deed of trust on real property

[Local Bankruptcy Form 13-4, eff. 12/23]          2

shall be 0%. If the interest rate in the plan controls, but the interest rate is left blank, the interest rate shall be the lesser of 12% or the interest rate included in a creditor's proof of claim.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment and pre-petition arrearage amounts in the creditor's proof of claim and notice of payment change control.

For claims secured by real and / or personal property, the Trustee shall cease making payments to a creditor if the creditor is granted relief from the automatic stay; and the funds that would have been paid to that creditor shall be disbursed per the plan.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

8.  Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| Monthly Payment | Creditor | Collateral |
|---|---|---|
| $_____ | _____ | _____ |
| $_____ | _____ | _____ |
| $_____ | _____ | _____ |
| $_____ | _____ | _____ |

Cure Payments:

| Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|
| $_____ | _____ | _____ | $_____ | ___% |
| $_____ | _____ | _____ | $_____ | ___% |
| $_____ | _____ | _____ | $_____ | ___% |
| $_____ | _____ | _____ | $_____ | ___% |

9.  Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence:

Ongoing Payments:

| Monthly Payment | Creditor | Collateral |
|---|---|---|
| $_____ | _____ | _____ |
| $_____ | _____ | _____ |
| $_____ | _____ | _____ |

Cure Payments:

| Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|
| $_____ | _____ | _____ | $_____ | ___% |
| $_____ | _____ | _____ | $_____ | ___% |
| $_____ | _____ | _____ | $_____ | ___% |

10. Payments on Claims Secured by Personal Property:

a.  910 Collateral:

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing

date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|
| $711.82 | Arivo Acceptance | 2023 Mitsubishi Cross | $ 711.82 | 12 % |
| $ | | | $ | % |
| $ | | | $ | % |
| $ | | | $ | % |

      b.   Non-910 Collateral:

The Trustee shall pay the value of the property or the asserted secured amount, whichever is greater, stated in the proof of claim provided that the Trustee shall not pay more than the amount of the claim, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|
| $ | | | $ | % |
| $ | | | $ | % |
| $ | | | $ | % |
| $ | | | $ | % |

D.   PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

E.   NONPRIORITY UNSECURED CLAIMS: Nonpriority unsecured claims may receive more than the "At least" amount below. The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):

  ✔   100%
____ At least $ _____ .

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| Rank | Creditor | Amount of Claim | Percentage To be Paid | Reason for Special Classification |
|---|---|---|---|---|
| ____ | _____ | $_____ | _____ % | _____ |
| ____ | _____ | $_____ | _____ % | _____ |

**V.    Direct Payments to be made by the Debtor and not by the Trustee:**

The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. The payment stated shall not bind any party.

A.   DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly Payment |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

B.   OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Monthly Payment |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

[Local Bankruptcy Form 13-4, eff. 12/23]     4

**VI**.   **Secured Property Surrendered**:
The secured property described below will be surrendered to the following named creditors on confirmation. The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

|      **Creditor**      |      **Property to be Surrendered**      |
| --- | --- |

**VII.**   **Executory Contracts and Leases**:
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption shall be by separate motion and order entered prior to or at confirmation, and any cure and/or continuing payments will be paid as specified in the plan.  Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C § 365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

|      **Contract/Lease**      |      **Assumed or Rejected**      |
| --- | --- |

**VIII.   Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a).  Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval.   Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate.  The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

**IX.**   **Liquidation Analysis Pursuant to 11 U.S.C. § 1325(a)(4):**
The liquidation value of the estate is $0_____.  To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less.  Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of _____% per annum from the petition date (no interest shall be paid if left blank).

**X.**   **Nonstandard Provisions:**
All nonstandard provisions of this plan are set forth in this section and separately numbered.  Any nonstandard provision placed elsewhere in this plan is void.  Any modifications or omissions to the form plan not set forth in this section are void.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

/s/ Susan E. Skelton                    /s/ Jenie Darby                    7/8/2025
_____        _____
Attorney for Debtor(s)                 DEBTOR                                 Date

7/8/2025
_____        _____
Date                                   DEBTOR                                 Date

[Local Bankruptcy Form 13-4, eff. 12/23]              5